UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LEONARD and BONNIE BRUCE, husband and wife,<br><br>Plaintiff,<br><br>v.<br><br>RECONTRUST COMPANY, N.A., a Washington corporation, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, Inc., a Delaware corporation, BANK OF AMERICA, N.A. a North Carolina corporation, and FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Defendants. | CASE NO. 15-5866 RJB<br><br>ORDER ON DEFENDANTS' MOTION TO DISMISS |

This matter comes before the Court on the Defendants' Motion to Dismiss. Dkt. 8. The Court has considered the pleadings filed regarding the motion and the remaining file.

Plaintiffs filed this mortgage case, *pro se*, on July 22, 2015 in Pierce County, Washington Superior Court. Dkt. 1-2, at2. It was removed to this Court on November 30, 2015, pursuant to 28 U.S.C. § 1332(a)(1), diversity jurisdiction. Dkt. 1. On December 7, 2015, Defendants filed a

ORDER ON DEFENDANTS' MOTION TO DISMISS- 1

Motion to Dismiss Plaintiffs' Complaint. Dkt. 8. For the reasons set forth below, the motion should be granted.

## I.   FACTS AND PROCEDURAL HISTORY

The following background facts are taken from Plaintiffs' Second Amended Complaint or from documents referred to therein. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (noting that although the scope of review for a motion to dismiss is generally limited to the complaint, a court may consider documents complaint "necessarily relies" if: "(1) the complaint refers to the document; (2) the document is central to the plaintiffs' claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion")(*internal quotations and citations omitted*). In this case, the documents cited are referred to in the Second Amended Complaint, are central to Plaintiffs' claims, and no party questions their authenticity.

**A.   BACKGROUND FACTS**

On May 4, 2007, Plaintiffs' borrowed $417,000 from Webster Bank, N.A., evidenced by a Promissory Note ("Note"), to purchase property located at 17413 NE 167th Avenue, Brush Prairie, Washington ("property"). Dkt. 1-1, at 22-23. The Note was secured against the property by a Deed of Trust. Dkt. 1-1, at 23. The Deed of Trust identifies Plaintiffs as "Borrowers," Webster Bank as "Lender," and William L. Bishop Jr., of Bishop, Lynch & White, P.S. as "trustee." Dkt. 9, at 6-20. Mortgage Electronic Registration Systems, Inc. ("MERS") was designated as the beneficiary, "(solely as nominee for Lender and the Lender's successors and assigns) and the successors and assigns of MERS." Dkt. 9, at 8. The Deed of Trust secured "to Lender (i) the repayment of the loan . . . and (ii) the performance of Borrowers' covenants and agreements" under the Deed of Trust and the Note. *Id.*

Plaintiffs allege in their Second Amended Complaint that the Deed of Trust "does not secure repayment of the debt to MERS, the beneficiary." Dkt. 1-1, at 24. They maintain that the "party secured by most [deeds of trust] – and the [Deed of Trust] under consideration in this case- is the 'Lender' or the Lender's 'successor in interest' or 'assign.'" Dkt. 1-1, at 24. They argue that "the Lender, by virtue of having lent the money that created the debt; is, by definition, the 'owner' of the debt." *Id.* (*emphasis and punctuation in original*).

The Second Amended Complaint asserts that Webster Bank, N.A. notified them that the loan had been sold to Bank of America ("BOA") on June 11, 2007. Dkt. 1-1, at 30.

In any event, MERS assigned its interest as beneficiary under the Deed of Trust to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing ("BAC Home Loans") on October 28, 2010. Dkt. 9, at 22. That same day, BAC Home Loans appointed ReconTrust Company N.A. ("ReconTrust") as successor trustee. Dkt. 9, at 24. Both instruments were recorded in the Clark County, Washington Recorder's Office on November 4, 2010. *Id.*, at 22 and 24.

On January 27, 2011, ReconTrust executed a "Notice of Trustee's Sale," which was recorded in the Clark County, Washington Recorder's Office on January 31, 2011. Dkt. 9, at 27-31. The notice indicated that the property was to be sold at public auction. *Id.*

In July 2011, BAC Home Loans merged into BOA. *BAC Home Loans Servicing, LP v. Fulbright*, 180 Wash. 2d 754, 757 n. 2 (2014). As a result, BAC Home Loans' rights and interests "transferred to and vested in" BOA. *Id.*

The property was sold on July 22, 2011 to the Federal National Mortgage Association ("Fannie Mae"). Dkt. 9, at 34. On July 28, 2011, ReconTrust, as trustee, executed a Trustee's Deed, conveying the subject property to Fannie Mae. Dkt. 9, at 33-34.

Plaintiffs assert in their Second Amended Complaint that because MERS was not the "Lender" or "owner of the debt," it could not lawfully assign its interest in the Deed of Trust. Dkt. 1-1. They reason that "BOA," then, couldn't have lawfully acted, because BOA "was not the 'Lender' or 'owner of the debt.'" Dkt. 1-1, at 24. They also assert that BOA only had the "right to enforce the Note" as holder of the Note. Dkt. 1-1, at 26. Plaintiffs maintain that the Deed of Trust "secures repayment of the debt to only the "owner of the note," not the holder of the note. Dkt. 1-1, at 27. (It is unclear whether Plaintiffs' Second Amended Complaint is referring to BOA or BAC Home Loans or both. In any event, those entities merged.) Plaintiffs assert that Fannie Mae owned their note. Dkt. 1-1, at 30.

Plaintiffs also maintain that ReconTrust was also not properly appointed successor trustee. Dkt. 1-1, at 28. Plaintiffs assert that ReconTrust did not have authority to act as it did and that it violated its "duty of good faith" to "cancel or discontinue a foreclosure proceeding, if in its independent judgment, ReconTrust determined the proceeding should be canceled or discontinued." *Id.* They allege that ReconTrust had an agreement with BOA that prohibited ReconTrust from canceling or discontinuing a foreclosure proceeding without BOA's permission in violation of RCW 61.24.040 *et seq*. *Id.* Plaintiffs also allege that ReconTrust violated a "duty of good faith" to them. *Id.*

**B. PROCEDURAL HISTORY**

Plaintiffs filed this case, *pro se*, on July 22, 2015. Dkt. 1-2. They filed their Second Amended Complaint on October 7, 2015. Dkt. 1-1, at 21. Plaintiffs make claims for breach of contract, fraud, and violation of Washington's Consumer Protection Act ("CPA"). Dkt. 1-1, at 30-38. The Second Amended Complaint also alleges Defendant ReconTrust violated Washington's Deed of Trust Act's ("DTA"), "RCW 61.24.010(4), duty of good faith." *Id.*, at 28.

The Second Amended Complaint also lists a "Fifth Cause of Action - Declaratory Judgment" and then provides "add substance here," but nothing further was added. *Id*. Plaintiffs seek damages, restoration of the property to Plaintiffs' possession, attorney's fees and costs. *Id.*, at 38-39.

**C.  PENDING MOTION**

Defendants now move to dismiss the Second Amended Complaint, arguing that Plaintiffs' breach of contract claim was waived as a result of their failure to file suit prior to the foreclosure, and their claims for fraud, and for violations of the DTA and CPA are time-barred. Dkt. 8. Defendants further argue that Plaintiffs' challenge to the chain of title or the foreclosure sale also fails because: (1) Plaintiffs' MERS' allegations cannot support a claim for violation of the CPA, (2) the Plaintiffs lack standing to challenge the validity of assignment of the Deed of Trust, (3) ReconTrust was a valid trustee and did not violate a duty of good faith, and (4) the chain of title was unbroken and the foreclosure was proper. *Id.*

After Defendants' Motion to Dismiss was filed, a notice of appearance by counsel on behalf of Plaintiffs was filed. Dkt. 11.

Plaintiffs responded to the Motion to Dismiss via counsel, and argue the motion should be denied. Dkt. 10. Plaintiffs argue that their claims have not been waived and that their claims are not time barred. *Id.* They assert that even if the claims are time barred, the statute of limitations should be tolled. *Id.*

Plaintiffs also assert that the Washington State Supreme Court case *Brown v. Washington Dept. of Commerce,* 359 P.3d 771 (2015), was "wrongly decided." Dkt. 10.

In *Brown,* the court held that in Washington, a note comes with at least two rights: the holder of the note has the right to enforce the note and the owner of the note has the right to the economic benefits - like receiving payments. *Brown,* at 778. The initial lender has both rights

ORDER ON DEFENDANTS' MOTION TO DISMISS- 5

1   on the outset, but, can sell those rights separately. *Id.* The *Brown* Court held that the holder of

2   the note is considered the beneficiary under the deed of trust. *Id.,* at 784.

3       Plaintiffs here argue that the Washington Supreme Court improperly held that the deed of

4   trust in that case followed the transfer of the right to enforce the note. Dkt. 10 and 10-1. They

5   argue that the case should have held that the "holder of the note (who does not own the note or

6   underlying mortgage debt obligation for which the note was taken as payment) also is not

7   entitled to enforce the underlying mortgage debt obligation." Dkt. 10-1, at 5. Accordingly, as it

8   is relevant to this case, they assert that BOA only held the note, and therefore, did not have "the

9   right to foreclose." *Id.,* at 5-6.

10       In their Reply, Defendants assert that Plaintiffs' claims are waived or time barred and that

11   there is no basis to toll the statutes of limitation. Dkt. 13. Defendants also argue that Plaintiffs'

12   claims would still fail because Plaintiffs do not have standing to challenge the assignment of

13   their Deed of Trust, holders of notes in Washington are permitted to foreclose, and need not be

14   owners of the note under *Brown*, Plaintiffs' arguments regarding MERS are not supported by

15   Washington case law, and Plaintiffs' arguments regarding ReconTrust do not support their

16   claims. *Id.*

17                     **II.     DISCUSSION**

18       Under the rule of *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), "federal courts sitting in

19   diversity jurisdiction apply state substantive law and federal procedural law." *Gasperini v.*

20   *Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996). ). In applying the relevant state law here

21   - Washington law - the Court must apply the law as it believes the Washington Supreme Court

22   would apply it. *Gravquick A/S v. Trimble Navigation Intern. Ltd.*, 323 F.3d 1219, 1222 (9th Cir.

23   2003). "'[W]here there is no convincing evidence that the state supreme court would decide

24

ORDER ON DEFENDANTS' MOTION TO
DISMISS- 6

1 differently, a federal court is obligated to follow the decisions of the state's intermediate
2 appellate courts.'" *Vestar Dev. II, LLC v. Gen. Dynamics Corp.,* 249 F.3d 958, 960 (9th
3 Cir.2001) (*quoting Lewis v. Tel. Employees Credit Union,* 87 F.3d 1537, 1545 (9th Cir.1996)
4 (*internal quotation marks omitted*)).

### A.  STANDARD ON MOTION TO DISMISS

Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(*internal citations omitted*).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id*. at 1965.  Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

If a claim is based on a proper legal theory but fails to allege sufficient facts, the plaintiff should be afforded the opportunity to amend the complaint before dismissal. *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983).  If the claim is not based on a proper legal theory, the claim should be dismissed. *Id.*  "Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." *Moss v. U.S. Secret Service,* 572 F.3d 962, 972 (9th Cir. 2009).

## B. WASHINGTON'S DEED OF TRUST ACT

Before 1965, Washington mortgages could only be foreclosed in judicial proceedings. *Brown v. Washington State Dep't of Commerce*, 359 P.3d 771, 773 (Wash. 2015). In 1965, the Washington legislature passed the DTA, which created a specific process for nonjudicial foreclosures on deeds of trust. *Id.* A deed of trust is "a three-party transaction in which land is conveyed by a borrower, the 'grantor,' to a 'trustee,' who holds title in trust for a lender, the 'beneficiary,' as security for credit or a loan the lender has given the borrower." *Bain v. Metro. Mortgage Grp., Inc.*, 175 Wash. 2d 83, 92-93, 285 P.3d 34, 38 (2012)(*internal citation omitted*). It "creates a security interest in real property." *Brown v. Washington State Dep't of Commerce*, 359 P.3d 771, 773 (Wash. 2015). Washington's DTA has three goals: "[f]irst, the nonjudicial foreclosure process should remain efficient and inexpensive. Second, the process should provide an adequate opportunity for interested parties to prevent wrongful foreclosure. Third, the process should promote the stability of land titles." *Id.* (*quoting Bain v. Metropolitan Mortgage. Group, Inc.*, 175 Wash.2d 83, 94 (2012)).

## C. WAIVER

To protect interested parties against an improper exercise of the nonjudicial foreclosure process, the DTA provides affected parties with a broad opportunity to challenge, and perhaps stop, the trustee's sale **before** it occurs. *Merry v. Nw. Tr. Servs., Inc.*, 188 Wash. App. 174, 182 (2015) (*quoting* RCW 61.24.130(1) "nothing contained in the DTA shall prejudice 'the right of the borrower, grantor ... or any person who has an interest in, lien, or claim of lien against the property ... to restrain, on any proper legal or equitable ground, a trustee's sale'"). "RCW 61.24.130 sets forth the only means by which a grantor may preclude a sale once foreclosure has begun with receipt of the notice of sale and foreclosure." *Cox v. Helenius*, 103 Wash.2d 383,

1  388, 693 P.2d 683 (1985). However, a party waives the right to challenge a trustee's sale after

2  the sale has occurred "where a party (1) received notice of the right to enjoin the sale, (2) had

3  actual or constructive knowledge of a defense to foreclosure prior to the sale, and (3) failed to

4  bring an action to obtain a court order enjoining the sale." *Albice v. Premier Mortgage Servs. of*

5  *Washington, Inc.*, 174 Wash. 2d 560, 569 (2012).

6     Certain claims for damages, like Plaintiffs' claims for fraud, violation of the CPA, and

7  violation of the DTA are not waivable. RCW 61.24.127.  Discussion of these claims will be

8  below in Section II. D.  The following discussion relates to Plaintiffs' claims for breach of

9  contract, and to the extent that they make one, any claim for which Plaintiffs seek to set aside the

10 trustee's sale and regain possession of the property.

11    Plaintiffs have waived their right to raise claims, like breach of contract or any claim for

12 which they seek to set aside the trustee's sale and regain possession of the property, that

13 challenge trustee's sale.  Plaintiffs do not allege that they did not receive notice of the right to

14 enjoin the sale.  Their Second Amended Complaint, in fact, refers to the Notice of Trustee's Sale.

15 Further, they had "actual of constructive knowledge of a defense to foreclosure" prior to the sale.

16 Plaintiffs do not dispute that the language in the Notice of Trustee's Sale notified them of their

17 right to seek to enjoin the sale.  It provided:

18      Anyone having any objections to the sale on any grounds whatsoever will be
        afforded an opportunity to be heard as to those objections if they bring a lawsuit
19      to restrain the sale pursuant to RCW 61.24.130. Failure to bring such a lawsuit
        may result in a waiver of any proper grounds for invalidating the Trustee's sale.
20

21 Dkt. 9, at 29.  Further, based on the documents recorded in the county recorder's office and the

22 Notice of Trustee's sale, they knew that MERS acted as a beneficiary under the Deed of Trust,

23 and MERS had assigned its interest to other entities.  Lastly, Plaintiffs did not challenge the

24

1   trustee's July 22, 2011 sale of their home before the sale.  Plaintiffs' first court challenge to the

2   sale occurred with the filing of this suit in July of 2015.  For these reasons, and because it is not

3   inequitable nor is it inconsistent with the goals of the DTA, waiver applies.

4       Plaintiffs argue that waiver does not apply if the trustee did not have the power to act and did

5   not strictly comply with the DTA's provisions. Dkt. 10-1, at 6-8 (*citing Schroeder v. Excelsior*

6   *Management Group, LLP,* 177 Wn.2d 94 (2012)).

7       Plaintiffs argue that the ReconTrust did not have the power to act because, relying on *Bain,*

8   the designation of MERS as the beneficiary was improper because it was not the owner or holder

9   of the Note.  (In 2012 the Washington State Supreme Court in *Bain* held that MERS was not a

10  beneficiary under Washington law because it is not a holder of notes.)  Plaintiffs assert that

11  MERS had no power, so anything that any entity MERS granted power to had no power to act

12  either. Dkt. 10 and 10-1. Accordingly, they reason that the trustee's (ReconTrust's) sale should

13  be set aside.  *Id.*

14      In *Merry v. Northwest Trustee Services, Inc.,* 352 P.3d 830 (2015), Division III of the

15  Washington Court of Appeals held that the plaintiff waived his right to contest a trustee's sale

16  because he failed to attempt to seek a presale injunction.  Mr. Merry, like the Plaintiffs here,

17  argued that waiver doesn't apply under Washington law absent compliance with the DTA's

18  provisions.  *Id.*  Mr. Merry, like the Plaintiffs here, asserted that because under *Bain* MERS was

19  not a proper beneficiary under the deed of trust (because it did not hold the note under

20  Washington law), the actions of the entity which it appointed as successor trustee were not

21  authorized and so, the trustee's sale should be invalidated.  *Id.*  The *Merry* Court rejected the

22  argument regarding MERS' involvement as a "formal, technical, nonprejudicial violation of the

23  DTA" with no suggestion that it "could not have been corrected if timely raised." *Id.,* at 841.  It

24

noted that Mr. Merry did not show that he had been harmed by MERS inclusion in the deed of trust. *Id.* It held that finding that Mr. Merry waived his rights to contest the sale would be not be inequitable or inconsistent with the purposes of the DTA. *Id.*

As in *Merry*, the inclusion of MERS in the Deed of Trust at issue here also does not give rise to a finding that Plaintiffs had not waived their claims to challenge the trustee's sale. Plaintiffs do not assert, in any respect, that the inclusion of MERS in the Deed of Trust harmed them. Their argument regarding MERS' involvement involves a "formal, technical, nonprejudicial violation of the DTA" which they are attempting to use to avoid a $417,000 obligation.

Further, Plaintiffs do not respond to Defendants argument that they do not have standing to challenge MERS' assignment of the Deed of Trust. Under Local Rule W.D. Wash. 7(b)(2), such a failure can be construed as conceding that the argument has merit.

Plaintiffs also argue that Defendants violated RCW 61.24.030 (6), (7) and (8), and so waiver should not apply.

RCW 61.24.030(6) requires that before a trustee's sale and through the date of sale, "the trustee must maintain a street address in this state where personal service of process may be made, and the trustee must maintain a physical presence and have telephone service at such address."

The Notice of Trustee's Sale states that ReconTrust maintained CT Corporation System, 1801 West Bay Drive NW, Ste. 206, Olympia, WA 98502, as its registered agent for service of process in Washington. Dkt. 9, at 30. Although Plaintiffs point out that whether ReconTrust sufficiently met the requirements of RCW 61.24.030(6) was the subject of a law suit initiated by the Washington Attorney General (which settled), other courts found that this language in a

ORDER ON DEFENDANTS' MOTION TO DISMISS- 11

Notice of Trustee's sale was sufficient to satisfy the physical presence requirement. *See Douglas v. ReconTrust Co., N.A.,* No. Case No. C11-1475RAJ, 2012 WL 5470360, at *4-5 (W.D. Wash. Nov. 9, 2012) (finding that ReconTrust satisfies the requirements of RCW 61.24.030(6) by maintaining an agent for service of process with telephone number and a physical address in Washington). Accordingly, this does not provide a basis upon which to hold that Plaintiffs' did not waive their claims.

In arguing that waiver should not apply, Plaintiffs, in a conclusory manner, with no analysis, also point to RCW 61.24.030(7), which requires:

> That before the notice of trustee's sale is recorded, transmitted, or served, the trustee shall have proof that the beneficiary is the owner of any promissory note or other obligation secured by the deed of trust. A declaration by the beneficiary made under the penalty of perjury stating that the beneficiary is the actual holder of the promissory note or other obligation secured by the deed of trust shall be sufficient proof as required under this subsection.

Plaintiffs offer no basis from which to conclude that Defendants did not comply with this portion of the statute. To the extent that they assert that the Washington State Supreme Court's decision in *Brown* was "wrongly decided" and that if properly decided Defendants would not have complied with the statute, their argument is without merit. This Court cannot reverse *Brown*. It does not operate as a court of appeal of the Washington State Supreme Court. As a federal court sitting in diversity, this Court is bound to apply Washington law as the Washington courts would apply it. *Gravquick,* at 1222. Plaintiffs should not be held not to have waived their claims based upon their disagreement with *Brown*.

Plaintiffs, without any explanation, argue that Defendants violated RCW 61.24.030(8), the DTA's notice of default provision. Dkt. 10-1, at 7. RCW 61.24.030(8) provides that before a trustee's notice of sale can be filed, a trustee must send a notice of default to the borrower.

1  "The notice of default must inform the borrower, among other things, of 'the name and address
2  of the owner of any promissory notes or other obligations secured by the deed of trust' and 'the
3  name, address, and telephone number of a party acting as a servicer of the obligations secured by
4  the deed of trust.'" *Brown,* at 784 (*citing* RCW 61.24.030(8)). No notice of default was filed in
5  the record. Plaintiffs do not contend, however, that they did not receive the notice of default.
6  Their Second Amended Complaint asserts that who they contend was the "actual owner of the
7  promissory note," was not properly identified in the notice of default. Dkt. 1-1, at 33. Aside
8  from their disagreement with the holding in *Brown,* Plaintiffs offer no basis in support of this
9  contention. Further, their Second Amended Complaint provides that ReconTrust's "notices
10 identified every possible default and demanded those defaults be cured, whether those defaults
11 had actually occurred or not." *Id.* While it is far from clear that the Second Amended
12 Complaint's reference to "notices" is intended to refer to the notice of default, Plaintiffs'
13 allegations are insufficient to show that the notices do not meet the statutory requirements of
14 RCW 61.24.030(8) – that the notice of default including an itemized "amount . . . in arrears," an
15 "account of all other specific charges, costs, or fees," and a statement showing the total "amount
16 necessary to reinstate the note and deed of trust before the recording of the notice of sale." RCW
17 61.24.030(8)(d)-(f). Plaintiffs have not shown that there is a basis to find that they have not
18 waived claims related to the sale of their property.
19     Further, it is equitable and consistent with the purposes of the DTA to find that borrowers
20 who waited four years to challenge a trustee's sale as invalid should be held to have waived such
21 claims. Plaintiffs' loan was originated in May of 2007, the foreclosure sale took place a little
22 over four years later. Four years after the foreclosure sale, Plaintiffs seek return of their
23 property. Equity is not served by invalidating the trustee's sale at this late date and potentially
24

displacing bona fide purchasers who may have been in possession of the home for four years.

Moreover, finding waiver in this case supports the purposes of the DTA. The DTA disfavors attacks on completed sales.

> The Deed of Trust Act discourages the use of postsale remedies in three ways. First, the Act does not expressly provide for any court actions to contest a completed trustee's sale. Second, the Act indicates that the right to contest a completed sale may be waived by a party's failure to bring a presale injunction action. Finally, the Act requires that the trustee's deed issued to the purchaser recite the facts showing that the sale was conducted in compliance with all of the requirements of the Act and the particular deed of trust. This recital of statutory compliance is prima facie evidence of such compliance and conclusive evidence thereof in favor of bona fide purchasers and encumbrancers for value.

*Plein v. Lackey*, 149 Wash.2d 214, 288 (2003)(*internal quotations and citations omitted*). This legislative preference for presale remedies is even more clear following the legislature's enactment in 2009 of a provision explicitly identifying claims for damages arising out of foreclosures of owner-occupied residential real property that are not waived by a failure to enjoin a foreclosure sale. *Merry,* at 839. (Those claims are discussed in the next section of this Order.) Plaintiffs in this case have waived certain claims that challenge the validity of the trustee's sale. Those claims, like breach of contract and to the extent that they make one, any claim for which they seek to set aside the trustee's sale and regain possession of the property, should be dismissed.

### D. DTA'S STATUTE OF LIMITATIONS FOR NON-WAVIABLE CLAIMS

The DTA was amended in 2009 to permit monetary damages for certain claims related to a nonjudicial foreclosure that are not subject to waiver. RCW 61.24.127 provides:

> (1) The failure of the borrower or grantor to bring a civil action to enjoin a foreclosure sale under this chapter may not be deemed a waiver of a claim for damages asserting:
>
> (a) Common law fraud or misrepresentation;

1
    (b) A violation of [CPA]; [or]

2
    (c) Failure of the trustee to materially comply with the provisions of [the
     DTA]; . . .

3

4
 (2) The nonwaived claims listed under subsection (1) of this section are subject to
the following limitations:

5
    (a) The claim must be asserted or brought within two years from the date
    of the foreclosure sale or within the applicable statute of limitations for

6
    such claim, whichever expires earlier;

7
    (b) The claim may not seek any remedy at law or in equity other than
    monetary damages;

8

9
    (c) The claim may not affect in any way the validity or finality of the
    foreclosure sale or a subsequent transfer of the property . . . .

10  To the extent that Plaintiffs make claims for fraud, violations of the CPA, or that

11 provisions of the DTA were not "materially complied" with (such as the claim that ReconTrust

12 violated the "duty of good faith" in RCW 61.24.010(4)), their claims are barred by the statute of

13 limitations. Under RCW 61.24.127(2)(a), these claims must have been brought within two years

14 of the sale. Although RCW 61.24.127(2)(a) also allows claims "within the applicable statute of

15 limitations" for such a claims, the applicable statute of limitations for fraud in Washington is

16 three years, RCW 4.16.080 (4), and the CPA statute of limitations is four, RCW 19.86.120.

17 This statute, RCW 61.24.127(2)(a), requires following the **earlier** of the timeframes. The fraud

18 and CPA statutes do not provide earlier timeframes than the two years set out in RCW

19 61.24.127(2)(a). Plaintiffs filed this case on July 22, 2015. ReconTrust sold their home four

20 years earlier on July 22, 2011. Plaintiffs' claims are time barred.

21  Plaintiffs argue that their fraud claim and claim for violation of the CPA should not be

22 dismissed based on the statute of limitations because "[a]ll of the actions undertaken by

23 Defendants are actions that were undetectable by Plaintiffs, who were ordinary working people,

24

ORDER ON DEFENDANTS' MOTION TO
DISMISS- 15

until they were able to receive advice from consultants who understand how foreclosure [sic] are lawfully conducted." Dkt. 10-1, at 8. Plaintiffs, in essence, request that the statute of limitations in RCW 61.24.127(2)(a) be extended based on the discovery rule. *Id.* Plaintiffs cite no authority for the proposition that this statute is eligible for extension based on the discovery rule. The statute of limitations for fraud and the CPA both contemplate tolling based on the discovery rule. RCW 4.16.080(4) (providing that a claim for fraud must be brought within three years of "the discovery by the aggrieved party of the facts constituting the fraud") and RCW 19.86.120 (providing a claim under the CPA must be brought within four years of when the claim "accrues"). RCW 61.24.127(2)(a) makes no such provision.

Further, even if the statute was susceptible to tolling based on the discovery rule, Plaintiffs do not show that it should apply here. "Where the discovery rule applies, a cause of action accrues when the plaintiff, through the exercise of due diligence, knew or should have known the basis for the cause of action." *Shepard v. Holmes*, 185 Wash. App. 730, 739, 345 P.3d 786, 790 (2014)(*internal quotations and citations omitted*). In applying the discovery rule, actual knowledge of fraud, for example, "will be inferred for purposes of the statute if the aggrieved party, by the exercise of due diligence, could have discovered it." *Id.* One instance where knowledge of the basis for the cause of action is implied "is where the facts constituting the fraud were a matter of public record." *Id.*

There is no showing that the discovery rule should apply here. Plaintiffs fail to show that in the "exercise of due diligence" the acts they complain of were not discoverable. This is particularly true where a majority of the acts of which they complain are part of the public record. They were in documents which were recorded in the county recorder's office. Others were in documents in their possession.

ORDER ON DEFENDANTS' MOTION TO DISMISS- 16

1     Moreover, to the extent that Plaintiffs make a claim for declaratory or injunctive relief - that

2 they are entitled to restoration of the property – their claims are expressly forbidden by RCW

3 61.24.127(2)(b) (providing "[t]he claim may not seek any remedy at law or in equity other than

4 monetary damages") and (c) (providing "[t]he claim may not affect in any way the validity or

5 finality of the foreclosure sale or a subsequent transfer of the property").

6     To the extent that Plaintiffs assert a claim for "wrongful foreclosure" in their Second

7 Amended Complaint, they concede in their response to the motion that the statute of limitations

8 bars this claim. Dkt. 10-1, at 8.

9     Plaintiffs' claims for fraud, violations of the CPA, and violations of the DTA are barred by

10 the statute of limitations. RCW 61.24.127(2)(a). These claims should be dismissed.

11     **E.  MOTION TO DISMISS THE MERITS OF THE CLAIMS**

12     In addition to moving for dismissal of Plaintiffs' claims based on waiver and the statute of

13 limitations, Defendants also move to dismiss Plaintiffs' claims, arguing that Plaintiffs' MERS'

14 allegations cannot support a claim for violation of the CPA, ReconTrust was a valid trustee and

15 did not violate a duty of good faith, the chain of title was unbroken, and the foreclosure was

16 proper. Dkt. 8.

17     Plaintiffs do not meaningfully address Defendants' arguments regarding the merits of their

18 CPA claim. Under Local Rule 7(2), failure to oppose a motion to dismiss may be considered by

19 the court as an admission that the motion has merit. The Court so construes their failure here.

20     Plaintiffs address whether ReconTrust was a valid trustee, assert that the chain of title was

21 broken, and that the foreclosure was wrongful in their criticism of *Brown*. Plaintiffs' disapproval

22 of the holdings in that case do not provide adequate opposition to the motion to dismiss their

23 claims. Defendants' motion should be granted.

24

ORDER ON DEFENDANTS' MOTION TO
DISMISS- 17

## F. CONCLUSION

Plaintiffs devote much of their response to arguing that the Washington State Supreme Court's holding in *Brown* was wrong. These arguments are unavailing; this Court is bound to apply Washington law. Accordingly, it is equitable and consistent with the purposes of the DTA to find that Plaintiffs, who waited four years to challenge a trustee's sale as invalid, waived their claims. The claims that Plaintiffs could not waive are barred by the statute of limitations. It is clear upon review of the Second Amended Complaint that the case cannot be saved by amendment. *See Moss*, at 972. Defendants' motion to dismiss (Dkt. 8) should be granted. This case should be dismissed.

### III. ORDER

It is **ORDERED** that:

- The Defendants' motion to dismiss (Dkt. 8) is **GRANTED**; and
- This case is **DISMISSED**.

The Clerk is directed send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 26th day of January, 2016.

ROBERT J. BRYAN
United States District Judge